Totten, J.
delivered the opinion of the court.
The only question made in this record is, whether the court erred in the dismissal of the certiorari; or, in other words, whether the petition contains sufficient cause for granting it.
The judgment before the justice was rendered on the 7th August, 1849; the certiorari was applied for and granted on the 18th October, 1849, returnable to the December term thereafter; and we will notice judicially, that a term of said circuit court is appointed by law to be held on the 4th Monday in August, which was, therefore, the first term after the rendition of the judgment complained of. No reason is assigned in the petition for not removing the proceedings to the first term of the circuit court.
Now, admitting that sufficient merits for defence to the action] are stated, and that the reasons assigned for not appealing are also sufficient, yet the plaintiffs in error are justly chargeable with delay and neglect in not sooner applying for the certiorari, and this delay and neglect are injurious to the other party. In case the appeal had been taken, the cause would have stood for trial de novo at the first term; and as the certiorari is only a substitute for the appeal, it will be granted and allowed where reasonable and proper diligence is used to procure it. The question of diligence is one dependent always upon the facts and circumstances stated in the petition. It is diligence to bring up the proceedings to the first term of the superior court held after judgment; and, prima facie, it is culpable neglect and delay not to do so until the . second or any subsequent term. It is true the certiorari may well be granted at the second or subsequent term, but only on cogent and suffi *441 cient reasons accounting for the delay to the satisfaction of a sound legal discretion. There must be no laches justly attributable to the party; if there be any, the consequences are visited upon him, and not upon the other party, who is innocent. This court has uniformly enforced this practice, as will be seen in several of its opinions, in which it is stated and illustrated.
In Trigg vs. Boyce, 4 Hay. Rep., 100, the court say: “Judgments would be very infirm and unstable ii they could be removed without limitation of time by certiorari, and new trials be granted upon them. He who obtains judgment and receives money under it, would be forever liable to refund it when his evidence was lost by death, removal, accident, or time;” and the court held the writ not grantable after the first term, unless the delay were unavoidable.
In Perkins vs. Hadley, 4 Hay. R., 146, the court say; “that the application for this writ should be made at or before the first term of the revising court after the trial below, unless in some extraordinary cases, of which the court shall be fully satisfied.” And in a more recent case, Tipton vs. Anderson, 8 Yerg R., 233, these cases are referred to' by Green, judge, in delivering the opinion of the court, and fully approved.
The counsel for plaintiffs in error has referred to the case of Spivy vs. Latham, 8 Hum. R., 703, as overruling- or modifying the former decisions of this court. We do not think that such is the effect of the judgment declared in' that case. The petition stated that an “appeal was prayed and granted,” and in the opinion it is said, “it is not questioned but that the. facts stated in the petition constituted ample ground for awarding the certiorari; but it is contended, that the papers returned by the justice dis *442 prove a material fact stated in the petition, without which it cannot be sustained, namely, that an appeal was prayed from the judgment of the justice and granted.” and the court proceed to discuss the question, whether such negative proof appeared in the papers, and were of opinion that it did not. This was the only question in the case, and the statement of it recognizes the rule of practice which we here enforce.
We think the judgment ought to be affirmed.